UNITED STATES DISTRICT COURT

for the

MIDDLE DISTRICT OF PENNSYLVANIA

**FILED
SCRANTON
MAR - 2 2018
Per_____
DEPUTY CLERK**

David Morris Barren,       :

   Plaintiff,

                           :

v.                              Case No. _____

                           :

                                       3:18cv512

Warden Captain S. Spaulding,

et al.,                    :

   Respondents.

..................oOo....................

Verified Complaint In Support Of

Motion For Restraining Order

<u>Plus Preliminary And Prospective Injunctive Relief</u>

NOW COMES, David Morris Barren (Mr. Barren), the Plaintiff, pro se, and respectfully files this Verified Complaint pursuant to 18 U.S.C. § 3626 and Federal Rules of Civil Procedure-Rule 65 (a) & (b) supporting his Motion For Restraining Order Plus Preliminary And Prospective Injunctive Relief requesting an order of court directing the Respondents to provide him access to his "legal material".

This Verified Complaint is based on facts and personal knowledge; accordingly I state as follows:

1. On March 31, 2017, up-until-now the Receiving and Discharge (R&D) staff here at Allenwood-Medium refuses to provide me access to 5-boxes of my personal property which consists of "legal material" necessary to discover grievances, articulate arguments, and litigate them effectively once in court.

2. On that same day the R&D staff threatened to destroy my "legal material" in sixty-days if I did not send it home. Therefore, I immediately initiated the Administrative Remedy process.

3. Since the aforesaid date and time, I have not been afforded an opportunity to possess, view, use, or have access to any of my "legal material" contained within those 5-boxes.

4. I have provided "documentation of active cases for review by Regional Counsel" through the Administrative Remedy process, however, my requests were obviated and false accusations were made that I have not "presented any documentation of active cases".

5. The Bureau of Prisons (BOP) persistent denials of my Administrative Remedy requests rest on false-pretenses which are represented by the false-statements of material facts in the BOP's responses.

6. The BOP's withholding (of my "legal material") is denying me the tools required to educate myself on the law, attack my conviction and sentence, litigate effectively in court, and chal-

lenge the conditions of my confinement.

7. My Unit-Counselor knows of my active cases. In fact, he was served an Order of Court directing him to have me available for a teleconference-hearing in June of this year. Which he did.

8. I merely requested to be permitted to move my "legal material" from the R&D Department up-to the storage closet on my housing-unit so that I could access it when needed.

9. I had my mother call the (R&D) Department here to inquire into the withholding of my "legal material" (in that she purchased many of the law books), and she was threatened as well with the destruction of my property if it was not shipped away from here.

10. My "legal material" being withheld is constructively denying me access to the courts because it contains pertinent material to open and active cases, and necessary information needed to properly prepare my Writ of Habeas Corpus.

11. That "legal material" consists of research notes, case law, briefs, transcripts, discovery, and law books necessary to achieving my freedom from imprisonment.

12. Because of the BOP's withholding I am unable to effectively prosecute certain actions-including but not limited to my

3

Writ of Habeas Corpus I have been preparing to demand my release from custody.

13. Because of the BOP's withholding I do not have access to my "text books" necessary to continue my Paralegal Studies courses I have been taking through Adams State University.

14. Contrary to the responses of Warden Spaulding, the Regional Director, and National Administrator I have not been provided with "one additional box of legal material", and the R&D Department refuses to provide me any of my "legal material" other than the "one box" I received March 31, 2017.

15. The BOP's withholding of my "legal material" is causing me irreparable harm and injury because I do not have access to pertinent "legal material" of mine necessary to effectively draft petitions, and prosecute my actions pending in court.

16. I did not (exclusively) request that all of my "legal material" be kept in my "living area". I merely requested access to it. It could easily be stored in the closet on my housing-unit.

17. Contrary to the response of the Regional Director, I was never "given the opportunity to review" my "legal materials and store" all "documents relevant to active court cases". Nor did I elect "not to".

4

18. As a means to deny me access to my legal material the Respondents are falsely accusing me of: (1) having been "authorized" or receiving "one additional box of legal material"; (2) having "elected not to" review my "legal materials and store those documents relevant to active court cases"; and (3) not having "presented any documentation to staff of active legal cases".

19. I have been suffering the denial of my "legal material" for more than 8-months now. I am suffering irreparable harm and injury to my Constitutional right to "grieve", and "access to the courts". I am suffering harm and injury to my human right to educate myself.

20. I know an inmate that arrived here at F.C.I. Allenwood-Medium within the past few weeks (with a large volume of legal property), and he received 5-boxes of legal property without incident or denial.

21. I spoke with the Warden (in-person) on March 23, 2017, concerning the R&D Department's refusal to provide me with my "legal material". He told me to email him about the issue, and I did that afternoon. To no avail. After exhausting my Administrative Remedies (to no avail), on October 17, 2017, I spoke again with the Warden concerning my "legal material" and the false pretenses upon which I was DENIED. I was again told to email him, and I did. To no avail.

## Verification

I, David Morris Barren, hereby verify that I drafted this Complaint and have personal knowledge that the facts stated herein are true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed on this 26th day of February, 2018.

/s/ _____

David Morris Barren, pro se

Reg. No. 09803-068

F.C.I. Allenwood

P.O. Box 2000

White Deer, PA 17887

David Barren
Reg. No. 09803-068
F.C.I. Allenwood-MED
P.O. Box 2000
White Deer, PA 17887

RECEIVED
SCRANTON

MAR 0 2 2018

PER _____ DEPUTY CLERK

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500

FEB 27 2018

DATE

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.